IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  3:23-CR-00014-001 |
| | ) | |
| TREVON DERWIN RECTOR | ) | |
| | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Defendant Trevon Derwin Rector ("Rector") trafficked in large quantities of Fentanyl pills. On December 13, 2022, in an undercover operation, law enforcement purchased 1000 Fentanyl pills from Rector. Two days later, law enforcement seized 2766 Fentanyl pills from Rector during a search of a vehicle in which he was traveling. At the time of the later seizure, Rector was in possession of a 9mm firearm, despite being prohibited from possessing a firearm by virtue of a previous felony conviction for robbery.

The Presentence Investigation Report ("PSR") outlines the Defendant's sentencing exposure. Rector has pled guilty to conspiracy to distribute and possess with intent to distribute 40 grams or more of Fentanyl, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count 1); possession with intent to distribute 40 grams or more of Fentanyl, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (Count 3); and possession of firearm by a prohibited person, pursuant to 18 U.S.C. §§ 922(g) and 924(a)(8). PSR, ¶ 1. With a criminal history category III, the United States Sentencing Guidelines ("Guidelines") suggest a sentence of 108-135 months' incarceration, *Id.* at 63.[1]

---

[1] Citations to the PSR are to the initial PSR dated February 7, 2024, as the final PSR was not available at the time of this filing.

Therefore, for these and other reasons as detailed more fully herein, the United States believes a Guideline-compliant sentence at the mid-point of the Guideline range, i.e. 120-month's incarceration, would be reasonable and satisfy the Section 3553(a) factors.

## FACTUAL BACKGROUND

The PSR accurately details Defendant Rector's conduct in this case. PSR, ¶¶ 3-17. Notably, in addition to the undercover buy on December 13, 2022, when law enforcement purchased 1000 Fentanyl pills from Rector and the seizure of nearly 3000 pills from Rector on December 15, 2022, described in the Statement of Facts, law enforcement made other undercover purchases of Fentanyl from Rector. These additional purchases occurred in the Eastern District of Virginia. Specifically, on September 16, 2022, law enforcement purchased 1000 Fentanyl pills for $3000 and on September 23, 2022, law enforcement purchased 2000 Fentanyl pills for $6000. *Id*. at ¶¶ 10, 11.

## DISCUSSION

District courts generally must perform the following four steps in sentencing defendants: (1) "properly calculate the sentence range recommended by" the advisory Guidelines; (2) "determine whether a sentence within that range and within statutory limits serves the factors set forth in [18 U.S.C.] § 3553(a) and, if [it does] not, select a sentence that does serve those factors;" (3) implement any applicable mandatory statutory limitations; and (4) articulate, on the record, "the reasons for selecting the particular sentence" and especially, if applicable, "explain[] why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)" than one within it. *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); 18 U.S.C. § 3553(a). This memorandum outlines these factors and the bases for the United States' recommended sentence.

### A. Section 3553(a) Sentencing Factors

**i.** **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The plethora and never-ending stream of narcotics trafficking cases can undermine the serious nature of these offenses.  Congress considers narcotics trafficking so dangerous that violations of certain drug offenses can result in significant mandatory minimum penalties and life sentences, as well as substantial periods of supervised release.  Defendant Rector willingly perpetuated this drug market by participating in the distribution of thousands of Fentanyl pills. PSR, ¶¶ 3-17.  When one considers the reported increase of Fentanyl on the streets and risk associated with its usage, Rector's conduct was extremely dangerous, contributing to the destruction of his community.  And to be sure, he wasn't dealing in small quantities. Rector had access, and distributed, Fentanyl pills by the thousands. The PSR does not indicate he was a user of Fentanyl which suggests he was only trafficking the substance to enrich himself.

In addition to the distribution of Fentanyl, Rector introduced firearms into his drug trafficking activity. Notably he was in possession of a 9mm firearm at the time of his arrest and had previously offered to sell a confidential informant another firearm. *Id*. at ¶¶ 12, 13, and 15.

The history and characteristics of the Defendant are, like the nature and circumstances of the offense, of great concern. Specifically, in 2013, at the age of 17, the Defendant was convicted of two counts of robbery during the commission of which a firearm was displayed. *Id*. at  ¶ 36. Rector was given the opportunity to attend the Virginia Youthful Offender Program, but failed to complete the program. *Id*.  He would later be sentenced to 8 years and 8 months for these crimes. *Id*. In 2022, Rector was convicted of eluding law enforcement after he eluded police in a stolen BMW during which he hit a police cruiser before crashing into a wall. *Id*. at ¶ 37.

The nature of the offense and the history and characteristics of the Defendant requires a

significant period of incarceration. This sentence factor merits a Guideline sentence at the mid-range of the applicable Guideline range.

### ii. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, Provide Just Punishment, and Provide Adequate Deterrence

This factor also weighs in favor of a sentence of incarceration at the mid-point of the Guideline range. As outlined above, the offenses for which Rector has pled guilty are serious. The nature and quantity of the drug Rector distributed created a dangerous situation for the community. The introduction of firearms into his drug trade made it even more so. Further, Rector has demonstrated an inability to comply with the rules of society as indicated by his convictions for robbery and eluding. PSR, ¶¶ 36, 37. He would later be convicted of violating the terms of his probation. *Id*.

Trevon Rector poses a serious threat to the community. A sentence of 120 month's incarceration reflects the seriousness of his offense, would promote respect for the law, provide a just punishment and provide for adequate deterrence.

### iii. The Need for the Sentence to Provide the Defendant With Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment In the Most Effective Manner

Rector is a 27 year old in good health. PSR, ¶¶ 46, 51-52. He has reported some mental health issues and has had a mental health evaluation since his arrest. *Id*. at ¶ 53. Rector reports long time usage of marijuana, but reports no use of Fentanyl. *Id*. at ¶ 54. He has never completed substance abuse treatment though he has expressed an interest in receiving treatment. *Id*. at ¶ 55. Though not completing high school, Rector received his GED in 2013. *Id*. at ¶ 56, He has completed some business management college course during previous incarcerations. *Id*. at ¶ 57. Rector has virtually no employment record except working for a friend's company from March 2023 until his arrest in August 2023. *Id*. at ¶¶ 58-59.

Accordingly, Rector may benefit from classes and substance abuse treatment in prison, although his need for such education should not result in a sentence outside of the applicable Guideline range. *See* U.S.S.G. §5H1.2 (Education and Vocational Skills Policy Statement).

**iv.      Applicable Sentencing Range and Kinds of Sentences Available**

The PSR accurately details the Guideline calculation. PSR, ¶¶ 23-34. With a criminal history category of III and an offense level of 29, the Guideline sentencing range is 108-135 months' incarceration, five years of which is statutorily required. *Id.,* ¶¶ 34, 40, 62-63. The Court must also sentence the Defendant to at least four years of supervised release on Counts 1 and 3 and not more than three years on Count 5. *Id.*, ¶¶ 65, 66. The United States knows of no reasons for a sentence outside of the Guideline range.

**v.      Pertinent Policy Statement**

All relevant policy statements are cited in this memorandum where appropriate.

**vi.      Sentencing Exhibits and Testimony**

The United States does not intend to present any additional evidence at the sentencing hearing unless it is required to do so to rebut any arguments or evidence raised by the Defendant.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence the Defendant to 120 months' incarceration, to be followed by four years' of supervised release. Further, the United States seeks the forfeiture of the firearm specifically identified in the Preliminary Order of Forfeiture (ECF No. 66).

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/Ronald M. Huber

Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:  434.293.4283
Ron.Huber@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided via electronic means via the Court's CM/ECF filing system this 4th day of March, 2024.

/s/ Ronald M. Huber
Assistant United States Attorney